PEOPLE ex rel. RENSHAW v. GILLESPIE, Justice of the Peace.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

    Laws 1892, c. 686, §§ 125, 126, authorize a justice, on complaint, to make an ex parte order requiring the owner of a vicious dog to kill it immediately, under penalty of the law, and provide that an owner who shall refuse or neglect to kill it within 48 hours after receiving such order shall forfeit a certain sum, and a further specified sum for every 48 hours thereafter until the dog is killed. *Held,* that since by section 127 (added by Gen. Laws 1896, c. 680) the penalties are to be collected by the supervisor of the town, and by Code Civ. Proc. § 1926, he must do this by action against such owner, and in such action the latter may contest the truth of the complaint, such an order is not void, as depriving him of his property without due process of law.

Certiorari by the people, on the relation of Alfred H. Renshaw, to review an order of C. E. Gillespie, as justice of the peace of the town of Lucerne, in an ex parte proceeding, directing that a certain dog, the property of relator, be immediately killed. Writ dismissed.

The relator was the owner of a dog called "Czar," of the value, as alleged by him, of $500, which he kept in the town of Lucerne, Warren county. He had always paid in said town on the said dog an annual tax, as required by statute. On August 16, 1897, one Conkling made a complaint in writing to the defendant, a justice of the peace of the town of Lucerne, pursuant to

sections 125 and 126 of the county law (chapter 686, Laws 1892), that the dog was dangerous, and had attacked several persons and teams peaceably traveling on the highway in said town. The justice took the affidavit of Conkling and of four other persons respecting the truth of the complaint, and thereupon, without notice to the relator of the proceeding, or to any person supposed to be harboring the dog, and without the owner, or any one in his behalf, having any opportunity to be heard, made an order that the owner of the dog, or the person in possession of the same, kill the dog immediately, under penalty of the law, as by statute in such cases provided. Section 125 provides that "the owner or possessor of any dog who shall refuse or neglect to kill him within forty-eight hours after having received such order shall forfeit the sum of two dollars and fifty cents, and the further sum of one dollar and twenty-five cents for every forty-eight hours thereafter, until such dog is killed."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. J. Dillon, for relator.

T. W. McArthur, for respondent.

LANDON, J. While it is now settled law that a dog is property, it is still true that some dogs, because of their viciousness, are nuisances. The statute in question seeks the summary abatement of such nuisances. It was the policy of the law in colonial times, and has been ever since, to make a summary disposition of vicious dogs. 2 Col. Laws N. Y. 1732 (Statutory Revisers' Ed.) 735; 4 Laws N. Y. 1764, 830; Laws N. Y. 1768, 1070. These colonial laws were continued in force by the state constitution (article 1, § 16). Since the colony became a state, numerous statutes for the like purpose have been enacted. See compilation of these statutes in 1 Birdseye's Rev. St. 762. The statute here under review is in furtherance of the same purpose. See Fox v. Society (herewith decided) 48 N. Y. Supp. 625; same case, upon this point, 20 Misc. Rep. 461, 46 N. Y. Supp. 232.

The relator contends that since it is now the settled law, contrary to what was formerly held, that a dog is property (Mullaly v. People, 86 N. Y. 365), the statute must be construed accordingly, and that the order of the justice, directing that the relator kill his dog immediately, having been made without notice to him, or giving him any opportunity to be heard, deprives him of his property without due process of law, and is therefore void. This, as we have shown in Fox v. Society, would no doubt be so if the statute or the order authorized any officer or person other than the owner or possessor of the dog to kill it; but it directs such owner or possessor to kill it, and prescribes a money penalty for his disobedience. The relator has not killed his dog, and as yet refuses to do so. The statute imposes the money penalty. The justice did not impose it. By section 127 of the county law (added by chapter 680, Gen. Laws 1896), the penalties imposed are to be collected by the supervisor of the town. The supervisor must do this by action against the relator. Code Civ. Proc. § 1926. The order of the justice, if properly made, fixes the right to recover in the action, but whether properly made (that is, whether the facts justified the order) could be litigated in the action itself. In such action the relator would have full opportunity to be heard, and to contest the truth of the complaint upon which the

justice based his order, and thus his right to due process of law is secured to him. Health Department of City of New York v. Rector, etc., of Trinity Church, 145 N. Y. 32, 48, 39 N. E. 833. People v. Tighe, 9 Misc. Rep. 607, 30 N. Y. Supp. 368, is cited. The case arose under an ordinance of the city of Brooklyn, and the police justice who had made the order like the one here under consideration caused the relator to be brought before him upon a warrant, to enforce the payment of the penalty. We assume that the relator, when brought before the police justice, had no opportunity to contest the truth of the original complaint; and in that view the case was correctly decided, and thus is clearly distinguishable from the one before us. As the order of the justice of the peace was not the final determination of the rights of the relator, the writ of certiorari should be dismissed. Code Civ. Proc. § 2122.

Writ dismissed, with costs. All concur.