In the Matter of the Application of WILLARD FOOTE for an Order Directing the Killing or Confining of a Dog Owned by MERTON FOOTE.

County Court, Livingston County, March 7, 1927.

Animals — dogs — appeal — proceeding pursuant to Farms and Markets Law, § 117, for order directing confinement or destruction of dog, which it is alleged attacked sheep — proceeding is special proceeding in which determination is final order — right to appeal in Justice Court limited to appeal from judgment in civil action — appeal may not be taken from said order — denial of right to appeal does not violate due process of law where statute provides for hearing.

A proceeding in Justice Court, pursuant to section 117 of the Farms and Markets Law, for an order directing the confinement or killing of a dog, which it is alleged attacked sheep, is neither a civil nor a criminal action, but a special proceeding of a civil nature, and since the determination in a special proceeding

is a final order, there can be no appeal from such an order, for the right to appeal in Justice Court is limited to an appeal from a judgment recovered in a civil action; no provision is made for the entry of judgment in a special proceeding in Justice Court.

The fact that no appeal lies from such an order does not run counter to due process of law, for the statute provides for a hearing before such an order is made.

MOTION to dismiss appeal from order of justice of peace.

*Crane & Stedman*, for the motion.

*William A. Wheeler*, opposed.

DOTY, J. The following order was made in the above-entitled proceeding by E. F. Lewis, justice of the peace of the town of Conesus, Livingston county, on the 6th day of December, 1926:

" I do hereby decide and find that said dog owned by said defendant, Merton Foote, was and is a dangerous dog and that it did on the third day of December, 1926, at about 11:45 o'clock in the forenoon of that day, attack, chase and worry a flock of sheep owned by said complainant.

" And upon said complaint and the evidence, and all the proceedings herein, I do hereby order and direct, pursuant to said section of the Farms and Markets Law, that the said Merton Foote kill the said dog immediately upon the service of this order upon him, and in case of the failure to comply herewith I do hereby authorize and direct, after the lapse of forty-eight hours from the service of this order, any peace officer of the county of Livingston or any duly designated representative of the Department of Farms and Markets, to kill said dog, wherever it may be found, as provided by said statute."

From this order said Merton Foote appealed to this court and filed an undertaking approved by the justice; Willard Foote moves for a dismissal of the appeal upon the ground that the order so made is not appealable.

The proceeding before the justice was instituted under the provisions of section 117 of the Farms and Markets Law of 1922 (Laws of 1922, chap. 48, as amd. by Laws of 1926, chap. 158) by the filing with the justice of the verified complaint of Willard Foote, alleging that on the 3d of December, 1926, a dog owned by said Merton Foote entered upon certain premises in the town of Conesus, and then and there attacked and worried a flock of sheep owned by the complainant, and praying for an order directing the confinement or killing of such dog. Notice of the presentation of the complaint and of a hearing thereon before the justice was served upon said Merton Foote; at such hearing he appeared in person and by attorney; witnesses were examined, and the resulting order was made.

Section 125 of the County Law,* the source of section 117 of the Farms and Markets Law, did not contain the clause to the effect that if the owner failed to kill the dog as required by the order, a duly designated representative of the Department of Farms and Markets or any peace officer, should kill it on or off the premises of the owner and any person might kill it if running at large off such premises. This provision became section 139-c of the Agricultural Law by chapter 800 of the Laws of 1917. In 1922, by virtue of chapter 48 of the laws of that year, it became section 117 of the Farms and Markets Law. That section was last amended by chapter 158 of the Laws of 1926.

This is not a criminal action. (Gen. Const. Law, § 11-a, as added by Laws of 1920, chap. 917; Code Crim. Proc. §§ 5, 6.) Nor is it a civil action. (Gen. Const. Law, § 16-a, as added by Laws of 1920, chap. 917; Civ. Prac. Act, § 7, subd. 8.) It is stated in respondent's brief that the case of *Matter of Town of Hempstead* (36 App. Div. 321) holds that a proceeding similar to the present, taken under section 125 of the County Law, which was substantially identical to section 117 of the Farms and Markets Law, was criminal in its nature.

If this proceeding is in the statutory sense criminal in its nature, a review of the order made by the justice by appeal to the County Court is provided for in section 749 of the Code of Criminal Procedure; but obviously the proceeding has no criminal likeness whatever and the subject is set completely at rest by the provisions of sections 950 to 952, inclusive, of the Criminal Code.

It is a special proceeding of a civil character and nothing else. (Gen. Const. Law, § 46-a; Civ. Prac. Act, § 7, subd. 8.)

The determination of the court in a civil action is a judgment; in a special proceeding, a final order. (Civ. Prac. Act, § 7, subd. 8; *People ex rel. R., S. & E. R. R. Co.* v. *Moroney,* 224 N. Y. 114, 124.)

The right to appeal in Justice Court, except in certain special cases where the right of appeal is expressly given, is limited to an appeal from a *judgment* recovered in a civil action. (Justice Court Act, § 426; *People* v. *Carr,* 54 Hun, 443, 444.)

No provision is made for the entry of judgment in special proceedings in Justice Court. (*Matter of Potter* v. *Durfee,* 44 Hun, 197, 200; *Hatch* v. *Stewart,* 42 id. 164.)

" A right of review by appeal is not an essential element of due process of law — although a contrary assumption is often intimated in the discussion of legal questions." (*People ex rel. Welch* v. *Bard,* 209 N. Y. 304, 309.)

---

* Section 125 of the County Law was repealed and re-enacted, as amended, as section 139-c of the Agricultural Law, by Laws of 1917, chapter 800.— [Rep.

The right to appeal is not a natural or inherent one, but rests upon the statute alone. (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219, 224; *Leake* v. *Hartman*, 137 App. Div. 451; *People* v. *Rutherford*, 47 id. 209.)

It is held that while there is property in dogs against a wrongdoer it is but a qualified property and there " may be said to be no property in them as against the police power of the State." (*Fox* v. *Mohawk & H. R. Humane Society*, 165 N. Y. 517, 521.)

The case last cited is authority for the proposition that the direction for the summary destruction of a dog without notice to the owner in case of a failure to pay the license fee prescribed by law, was not taking the property of such owner without due process of law. (See, also, *People ex rel. Westbay* v. *Delaney*, 73 Misc. 5, 9.)

A hearing is provided for by the statute under consideration before the order is made, and this seems to satisfy the due process of law element, notwithstanding the order requires the destruction of the dog by others than the owner. (*People ex rel. Renshaw* v. *Gillespie*, 25 App. Div. 91; *People ex rel. Shand* v. *Tighe*, 9 Misc. 607.)

The appeal is dismissed, without costs; the terms of the order will be settled before me March fourteenth, and any motion with respect thereto will be then heard.