KATHRYN E. BALDWIN, an Infant, by LYNN D. BALDWIN, Her Guardian ad Litem, Appellant, *v.* GEORGE D. THOMPSON, Respondent.

Third Department, May 23, 1930.

*Wallace H. Sidney*, for the appellant.

*James P. Friery* [*Charles C. Flaesch* of counsel], for the respondent.

PER CURIAM.   This is an action for negligence.   The complaint alleges that the defendant knowingly kept a ferocious dog and failed to take proper precautions for his custody and that by reason thereof plaintiff was injured.

The defendant left his automobile containing a basket of plums in the driveway of one David Blair's premises at East Worcester, Otsego county.   In his automobile he left also his bulldog.   He was a watch dog.   Susan Blair, a child eight years of age, invited the plaintiff, a child of ten years, to play with her.   While playing at Blair's place the children went to the automobile and jumped on the running board to see the dog.   The dog bit the plaintiff's lip and seriously injured her.   Neither the injury to the plaintiff nor the earlier acts of the dog, which we think clearly indicate viciousness, were disputed.   (*Dickson* v. *McCoy*, 39 N. Y. 400; *Duval* v. *Barnaby*, 75 App. Div. 154; *Hahnke* v. *Friederich*, 140 N. Y. 224, 227.)

On the trial the defendant offered evidence of the manner in which the dog had acted on other occasions bearing on his general character.   To the introduction of this evidence there was no objection interposed by plaintiff's counsel.   However, the rule was established in this State in *Buckley* v. *Leonard* (4 Den. 500), where Justice JEWETT wrote: " If the evidence proved that the dog bit the plaintiff, that the defendant was the owner, and knew or had notice that the dog had been accustomed to bite others, he was responsible for the injury, however high the character of the dog for mildness stood among the neighbors.   Such evidence was well calculated to divert the jury from a proper consideration of the real point in issue."

The same view of the admissibility of evidence tending to show the quiet, peaceable, harmless habits and character of a dog in a similar case was disapproved by the court in *Caldwell* v. *Snook* (35 Hun, 73).

Justice FOLLETT in a concurring opinion said in that case that the rule was correct as applied to the particular facts but stated that " if a question of fact had arisen as to whether the dog had bitten the plaintiff, or others, or whether the defendant had notice of the ferocious disposition of the dog, then   *  *  *   evidence of the

peaceable disposition and conduct of the dog would have been admissible."

In our view the circumstances of the case at bar come within the rule of the *Caldwell* case. (See, also, *Houck* v. *Watson,* 4 N. Y. Wkly. Dig. 151.)

The presence in the case of the large amount of immaterial and inadmissible evidence could have no other effect than to have influenced the verdict for the defendant found by the jury.

The verdict is against the weight of the proper evidence in the case and is shocking to the court's sense of justice.

The judgment should be reversed on the facts and a new trial granted, with costs to appellant to abide the event.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide the event.