Ester Brown, Appellant, v. Sol J. Yaspan, Respondent, and Sadie Grossman (Sometimes Known as Sadie Bieloff), Defendant.— Order granting motion of defendant Yaspan to compel plaintiff to state separately and number the causes of action in the complaint affirmed, without costs, the complaint, as thus amended, to be served within ten days from the entry of the order hereon. The complaint states a cause of action for tortiously causing plaintiff's discharge from her employment. (Warschauser v. Brooklyn Furniture Co., 159 App. Div. 81.) It also alleges one or more acts of assault. The alleged acts of defendant, whereby plaintiff contracted colds, fainting spells and hysteria, are comparable to the performance of an unauthorized operation by a surgeon, which is an actionable assault because it violates the victim's " right to determine what shall be done with his own body." (Schloendorff v. New York Hospital, 211 N. Y. 125.) There may be an assault without the striking of a blow or other physical contact. (Liebstadter v. Federgreen, 80 Hun, 245; Hawkins v. Kuhne, 153 App. Div. 216.) If the complaint alleged nothing more than that defendants contrived to make plaintiff ill, thereby causing her discharge for inefficiency, such allegations would be part of the cause of action for wrongfully depriving plaintiff of her employment. But here there are additional allegations of damage resulting from personal injuries, which can only be material to an action for assault. The several causes of action do not merge into one because of the allegations of conspiracy, since conspiracy is not in itself a civil cause of action. (Green v. Davies, 182 N. Y. 499.) Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur. [See, also, ante, p. 840.]