MAURICE HOUSE, Plaintiff, *v.* EDGAR W. TAPPAN, Defendant.

Supreme Court, Trial Term, Onondaga County, January 27, 1947.

*Frederick W. Fuess* for plaintiff.

*Lewis C. Ryan* for defendant.

SEARL, J. The plaintiff has been defeated by a jury verdict in an action brought to recover damages for personal injuries received from being kicked by a horse owned by defendant. The instant motion is for a new trial. (Civ. Prac. Act, § 549.)

Plaintiff and defendant frequently rode together. On the

evening of May 24, 1945, defendant's horse " Gypsy " kicked, injuring plaintiff's foot. Proof was offered to effect that " Gypsy " had kicked at another rider the week before, and had attempted to bite the plaintiff on an occasion when he was in the stall feeding the horse. The weakness of plaintiff's case was that he knew as much about the propensities of this animal as did the defendant. The jury followed the natural inference to be drawn. Therefore the court cannot disturb the verdict.

The question of the admissibility of certain testimony offered by defendant is worthy, however, of comment. Such testimony was to effect that " Gypsy " was quiet and generally kind.

A trial court received testimony of the previous quiet, peaceable and harmless habits and character of a dog in *Caldwell* v. *Snook* (35 Hun 73). The appellate court reversed a judgment for defendant. This was upon the theory that as defendant admitted his dog had previously bitten another person, evidence of good character generally might induce the jury to absolve the defendant from blame.

Justice FOLLETT concurred in the result but took the position (p. 75) that the evidence would have been admissible " if a question of fact had arisen as to whether the dog had bitten the plaintiff, or others, or whether the defendant had notice of the ferocious disposition of the dog * * *."

In *Houck* v. *Watson* (4 N. Y. Week. Dig. 151) the court held that evidence of the general character of an animal is properly excluded except where a question of fact is presented as to whether the animal caused the injury in question.

The court found in *Baldwin* v. *Thompson* (229 App. Div. 430, 431) that as neither the injury to plaintiff nor earlier vicious acts of a dog were disputed, evidence of previous general character of the animal could not be introduced by the defendant. The court quoted from *Buckley* v. *Leonard* (4 Denio 500, 501) to effect that " Such evidence was well calculated to divert the jury from a proper consideration of the real point in issue."

The evidence as to whether this horse, " Gypsy ", was found to be quiet and generally kind before the incident in which plaintiff was injured was properly excluded. The defendant admitted, after the evidence had been excluded, that he had been informed that the horse had attempted to bite and, before the accident in question, had attempted to kick another horse. Defendant was present when the plaintiff was injured.

After conceding plaintiff's injury from the hoof of defendant's horse and " scienter " of previous vicious propensities, it is very obvious that to permit one or a score of witnesses

to testify that each had found the horse gentle and kind would be wrong. Dogs do not bite nor horses kick continuously, else they would be outlawed as a class. As each dog is entitled to one bite and each horse to one kick, by the same token two such acts by the same animal to the knowledge of the owner imposes a stamp of viciousness. Proof of general kindliness and gentleness, then, must be ruled out. If admitted, a courtroom might be swamped with witnesses toward whom the animal had not taken a dislike. Conceding the dog and the horse to be among man's best friends, still, as among men, bandits still exist.

The motion for a new trial is denied.