MARINE AIR WAYS, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29905.) — Appeal from a judgment of the Court of Claims which dismissed a claim against the State. With the consent of the Federal authorities the State constructed a bridge over Roslyn Creek, Long Island, N. Y., in connection with the improvement of a State highway. Roslyn Creek is a navigable body of water. Claimant owns land fronting thereon and is engaged in the business of storing and repairing boats and yachts. The bridge in question has a clearance of fifty feet over mean high water. The sailboats serviced at claimant's yard prior to its construction were equipped with masts of an average height of from fifty-three to fifty-five feet. The claim herein is essentially for loss of business due to the inability of such boats to pass under the bridge, and a consequent diminution in the value of claimant's property. The court below held that claimant's right of access was not actionably interfered with, and that any limitation upon navigation involved a public and not a private right for which the State was not liable. Judgment affirmed, without costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [201 Misc. 349.]

■

EDNA VON R. BLAIR, Appellant, v. C. CHESTER DU MOND, as Commissioner of Agriculture and Markets, et al., Respondents.— Appeal from an order and judgment of the Supreme Court, Albany County. Plaintiff resides in a rural part of Columbia County. The action is against the State Commissioner of Agriculture and Markets and the Chairman of the Columbia County Board of Supervisors to declare invalid on constitutional grounds section 115 of the Agriculture and Markets Law. This authorizes the commissioner, when he deems it required, to order all dogs in any town to " be securely confined " at times required in the order; establishes certain formalities to be followed as to notice, and authorizes a peace officer to " kill on sight any dog at large in violation of such order." Among other things plaintiff alleges she maintains two watchdogs on her property, which is remote and lonely and distant from any State police branch and that the operation of the statute as to her is an invasion of her right to safety and security in her person and property as guaranteed by the Constitution. The Special Term entered judgment that the statute is valid and we regard this as fully warranted. It is not essential to plaintiff's liberties and rights that her dogs be at large. Neither the judgment nor the statute is reasonably to be construed as preventing plaintiff's dogs from running freely on her property, or as requiring that they be tied or fenced in. The risk she takes is that if the dogs run off her property during the operative period of an order under the statute a peace officer may kill them. We regard the risk to be an incident of living in a society regulated by public authority in the interest of common safety and we see no invasion of plaintiff's rights that if she allows her dogs to run at large she take the risk of losing them. Order and judgment affirmed, with costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [200 Misc. 1036.] [See 281 App. Div. 776, 929.]