ALBERT M. CRANCE et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32176.)

Court of Claims, March 15, 1954.

*Burns F. Barford* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Douglas S. Rider* of counsel), for defendant.

SYLVESTER, J. Claimants own real estate in the city of Geneva, improved by a three-story frame dwelling and garage, known as 525–527 South Main Street, the property having a frontage of 100 feet on Main Street and extending easterly to Seneca Lake approximately 500 feet. The plot slopes downward in a series of terraces to the lake which is approximately 90 feet below the level of Main Street. Between claimants' property and the lake there is a double track railway and embankment which was constructed pursuant to a conveyance made by claimants' predecessor in title to the Syracuse, Geneva and Corning Railway Corp. of a " strip of land forty (40) feet wide along the west shore of Seneca Lake, running from north to south across and adjacent to the east side of the property ", as laid down on a certain map filed in the Ontario County Clerk's office; and, in addition, " a strip of land twenty-six (26) feet wide directly adjoining and on the east side of said first men-

tioned strip ", if needed for " additional track and grade ", but to be used " for a second track only ". This conveyance, however, specifically reserved to the grantor " all the rights and privileges which he now has as grantee or riparian owner upon the shore of said lake and the lands under the water thereof, except as occupied by said company for the said road in its construction and use." In 1951, the Superintendent of Public Works of the State of New York undertook the construction of an arterial highway through the city of Geneva to enable automotive traffic to bypass the central part of the city. The new highway proceeds easterly under Main Street through a tunnel and then continues out on an elevated bridge over the lake, turns north about 250 feet offshore from the railroad and runs approximately parallel with the westerly lake shore passing the claimants' property. In the course of the construction, the area between the new highway and the railroad embankment was filled in to a height of approximately three feet above water level. The road, when completed, will be fifty feet above the lake level, cutting off access to the lake. It is not disputed that prior to the construction, claimants had access to the lake by walking across the railroad tracks to the westerly edge of the railroad embankment which bordered the lake, some seven feet above the lake water level. Conceding that claimants' riparian right of access has been interfered with, the State nevertheless contends that claimants are not entitled to compensation by reason of the State's paramount right to utilize offshore State-owned lands in aid of commerce or navigation without regard to any interference caused to the riparian rights of upland owners. There is no need to consider the State's further contention that the conveyance made by claimants' predecessor in title to the Syracuse, Geneva and Corning Railway Corp. for the purpose of constructing the railroad which parallels the rear of claimants' property resulted in the extinguishment of claimants' riparian right of reclamation, since the claim is confined, primarily, to loss of access to the lake and rights incident thereto (*Rumsey* v. *New York & New England R. R. Co.*, 133 N. Y. 79). That the riparian rights of an upland owner are subservient to the power of the State to construct offshore improvements in furtherance of navigation and commerce is well settled. (*Matter of City of N. Y. [Jamaica Bay]*, 256 N. Y. 382, 389; *Matter of City of N. Y.*, 168 N. Y. 134; *Matter of City of N. Y. [West 205th St.]*, 240 N. Y. 68; *Sage* v. *Mayor*, 154 N. Y. 61.) The basis of this prin-

ciple is " that there are certain rights of navigation and commerce by water which are common to all and are, therefore, paramount to the rights of individuals " (*Matter of City of N. Y.*, 168 N. Y. 134, 144, *supra*). But where the improvement, though for a public and beneficial purpose, does not involve an exercise of the sovereign reserve power on waterways as such, deprivation of an upland owner's riparian rights is compensable (*Matter of City of N. Y.* [*Jamaica Bay*], 256 N. Y. 382, *supra*; *Marine Air Ways* v. *State of New York*, 201 Misc. 349, affd. 280 App. Div. 1021 and cases there cited). Here, the improvement is admittedly not in furtherance of the development of Seneca Lake as a navigable waterway (*Matter of City of N. Y.* [*Jamaica Bay*], *supra*, p. 391; *Matter of City of N. Y.*, 168 N. Y. 134, *supra*). The contention that any improvement designed to facilitate commerce, falls within the State's sovereign power to appropriate riparian rights without compensation, regardless of any relation to the development of waterways, is not supported by the authorities. Claimants accordingly are entitled to an award based on the difference in the value of the dominant estate with the easements appurtenant thereto and its value after the easements have been taken away (*Matter of City of N. Y.* [*Pier Old No. 49*], 227 N. Y. 119, 133, 136; *Matter of City of N. Y.* [*West 10th St.*], 267 N. Y. 212, 222–223). Claimants' property is a well-built structure, containing professional offices on the main floor and commodious living quarters on the floors above, and a large porch overlooking Seneca Lake. Prior to the State's construction of the highway, the property commanded a more desirable view of the lake, unimpaired by the new structure. Accessibility to the water of the lake considerably enhanced the value of the property, particularly in view of the scarcity of available waterfront property in that area. Upon a consideration of the foregoing factors, it is determined that the value of the property before the construction was $40,000 and its value after, $30,000, entitling claimants to judgment in the amount of $10,000, with interest from August 15, 1951, to date of entry of judgment, which is hereby directed. Findings have been passed upon and signed.