In the Matter of MARIE LA BORIE, Petitioner, *v.* RICHARD HABES, JR., Respondent.

Justices' Court, Town of Webster, January 28, 1967.

*John C. Little, District Attorney* (*Henry Dutcher, Sr.,* of counsel), for petitioner. *Homer Marks* for respondent.

C. BENN FORSYTH, J. This case, arising under section 116 of the Agriculture and Markets Law, raises squarely the issue of

whether a dog that threatens a human but does not bite is a dangerous dog.

The section states that any complaint which alleges " an attack upon a person, or of such an attack, chasing or worrying of a domestic animal " shall state sufficient allegations to authorize a court inquiry as to the dangerousness of the dog. The word " attack " which appears to be the basis of the proceeding, has not been defined by any statute or decision.

The word " attack " is defined by Webster's International Dictionary (29th ed.) as " to use force against in order to harm; to start a fight or quarrel with; to take offense against; to assault," and " any hostile offensive action ".

The word " assault ", which is generally recognized as a synonym, has been frequently defined as " an unlawful offer or attempt with force or violence to do corporal hurt to another " (*Pope* v. *State of New York,* 192 Misc. 587, 593, affd. 277 App. Div. 1015; *Decker* v. *Werbenec,* 36 Misc 2d 220). No actual contact is required (*Brown* v. *Yaspan,* 256 App. Div. 991).

Under section 116 of the Agriculture and Markets Law the words " attack upon a person " are intended as the standard to be used in determining whether or not a dog is " dangerous." " Dangerous " has been defined as " attended with risk; perilous; hazardous; unsafe." (Black's Law Dictionary [4th ed.], p. 471.)

It seems clear, therefore, that " attack ", as the standard of determining whether or not a dog is dangerous, was intended to mean such overt actions by a dog as might cause a reasonable apprehension of harm or injury to a person, together with apparent ability in the dog to inflict such harm. Actual biting is unnecessary to an " attack." (Cf. *Kennet* v. *Sossnitz,* 260 App. Div. 759, affd. 286 N. Y. 623; *Muller* v. *McKesson,* 73 N. Y. 195 — in which the " one free bite " rule was rejected.)

In the case at bar, the proof was not in substantial dispute. The complainant testified to three incidents in which the defendant's dog entered her property and approached her with growls and bared teeth. In each situation, the dog was called off by children of the owner or chased off by the complainant's husband. There was no evidence of the complainant's ever being bitten. The balance of the complainant's case was testimony that on one occasion the dog chased a salesman from her master's premises up the street; of her chasing and nipping at newspaper boys; and of her chasing a neighbor's cat into the neighbor's yard, and then turning on the neighbor (without biting) when he attempted to protect his cat. The evidence of an alleged biting of a child was not connected to this dog. The

respondent's case was principally a showing that the dog played with children and other dogs, that she had not attacked the respondent's hunting companions, and that she was controllable by the respondent and his family.

The law is clear that a person using his own property has every right to be immune from hostile assaults. (*Bram* v. *Lusat Realty Corp.*, 8 N. Y. S. 2d 176; Harper & James, Law of Torts [1956], § 3.4.)

The qualified property rights in dogs are subject to drastic regulation. (*Blair* v. *Du Mond*, 200 Misc. 1038, affd. 280 App. Div. 1021; *Fox* v. *Mohawk & Hudson Riv. Humane Soc.*, 165 N. Y. 517.) The fact that a dog may be friendly to others does not relieve the owner of responsibility for its indiscretions. (*House* v. *Tappan*, 190 Misc. 607; *Baldwin* v. *Thompson*, 229 App. Div. 430.)

A proceeding under section 116 of the Agriculture and Markets Law is a civil proceeding (*Matter of Foote*, 129 Misc. 2), and thus the standard of proof is the preponderance of the evidence rather than proof of danger beyond a reasonable doubt.

The court finds that the respondent's dog did in fact attack a human and thus is a dangerous dog within the provisions of the Agriculture and Markets Law. Owners of dogs who are unwilling or unable to train or control them so as to prevent danger to others compel towns to restrict all dogs through leash laws.

The court directs that the dog be confined by the respondent and not be permitted to run at large in its neighborhood or in the populated areas of the Town of Webster, New York, subject to the penalty as prescribed by said law. In addition, the court grants judgment to the complainant for $2.50 costs. Submit order.