John J. Dillon, J.
The defendant moves to dismiss the first two causes of action alleged in the complaint for insufficiency in law. It is alleged in the first cause of action that on numerous occasions since' October, 1966, the defendant has done the following: Dashed at the plaintiff in a threatening manner in various public places, with ‘ ‘ threatening gestures, grimaces, leers, distorted faces and malign looks,” accompanied by “ ridiculous utterances and laughs ’ ’; driven his automobile behind that of the plaintiff at a dangerously close distance; walked closely behind, or beside, or in front of the plaintiff on the public streets; and constantly telephoned the plaintiff at his home and place of business and either hung up or remained on the line in silence. It is alleged further that all of this has been done maliciously and for the purpose of causing physical and mental damage, and that the plaintiff has suffered severe mental and emotional distress, sleeplessness and physical debilitation.
It seems probable that the complaint states a cause of action for assault (Brown v. Yaspan, 256 App. Div. 991), but the plaintiff does not urge the point. He claims to have stated a cause of action for the intentional infliction of emotional and physical harm. This is a relatively new and unfamiliar cause of action, which requires some discussion.
The law cannot be expected to provide a civil remedy for every personal conflict in this crowded world. Physical injuries to the person, inflicted either intentionally or through negligence, are actionable under familiar principles. Acts causing mental distress are in a different category. Oral or written statements which are false and defamatory, and which upon publication tend to deprive the victim of his good name, may be remedied in actions for libel and slander; although the orbit of the remedy has been narrowed within recent years (cf. New York Times Co. v. Sullivan, 376 U. S. 254; Pauling v. National Review, 49 Misc 2d 975, affd. 27 A D 2d 903; Gilberg v. Goffi, 21 A D 2d 517, affd. 15 N Y 2d 1023). On the other hand, offenses of a minor nature, such as name-calling or angry looks, are not actionable though they may wound the feelings of the victim and cause some degree of emotional upset. This is because the law has no cure for trifles.
But when the actor’s conduct is extraordinarily vindictive, it may be regarded as so extreme and so outrageous as to give rise to a cause of action for emotional distress. This is the test laid down in the Restatement 2d, Torts (§46). An example of extreme and outrageous conduct may be found in Halio v. Lurie (15 A D 2d 62), where the defendant, having jilted his fiancee and married another, addressed a taunting and insulting *1061 letter to the forsaken female. The complaint in that case was held to state a cause of action for the intentional infliction of serious mental distress. The court pointed out that the cause of action is different from an action for a prima facie tort, where special damage must be alleged. Here the injury is one justifying an award of general damages.
In the court’s opinion the complaint in this case states a similar cause of action. If a man finds himself perpetually haunted by an enemy; if he is greeted at every turn by baleful looks, sudden sorties which fall short of physical contact, and derisive laughter; if he cannot drive his car without the imminent threat of a collision from the rear; and if he is troubled at all hours by telephone calls followed only by silence, then it can hardly be doubted that he is being subjected to the extreme and outrageous conduct which gives rise to a cause of action in tort. An analogy may be found in the concept of cruelty in a matrimonial action. In holding that such cruelty is not limited to physical injury, the Court of Appeals has said that “ If it were, a husband might constantly and without cause call his wife a vile and shameless bawd so long as he did not strike her or threaten to strike her, and might thus intentionally break down her health and destroy her reason without giving her a claim on him for separate maintenance ” (Pearson v. Pearson, 230 N. Y. 141, 146). Conceivably a similar result might follow if the plaintiff can prove what is alleged in this complaint.
Of course, whether the proof can be furnished at the trial is another question. It would seem that evidence connecting the defendant with the speechless telephone calls will be difficult to produce; and whether the plaintiff can prove the remaining allegations to a sufficient degree to establish the cause of action is a question to be determined by the trier of the facts. Upon this motion the court must assume the truth of what is stated in the complaint, and upon that assumption this complaint states a cause of action.
The second cause of action is a repetition of the first, with the additional allegation that the defendant’s conduct still continues and will continue in the future, resulting in irreparable injury to the plaintiff. Under that cause of action the plaintiff demands injunctive relief, in addition to the money damages demanded in the first cause of action. The court is of the opinion that both forms of relief are available upon proper proof. The motion is therefore denied as to both causes of action. The third cause of action, founded on trespass, is not challenged.