Harvey J. Fried, J.
This is a proceeding pursuant to section 116 of the Agriculture and Markets Law to determine whether two dogs alleged to be owned by respondent are dangerous dogs within the meaning of section 116.
Section 116, entitled "Killing of dangerous dog; order of magistrate”, provides, in part: "If a dog shall attack a person who is peaceably conducting himself in any place where he may lawfully be * * * [a]ny person may make a complaint of such an attack * * * to a justice * * * [who] shall inquire into the complaint upon written notice of not less than three days to the owner * * * If satisfied, from such inquiry, that the dog is a dangerous dog, such justice or magistrate shall order the owner * * * [or] any peace officer, to kill the dog immediately; or may order the owner to securely confine the dog during a time to be specified in the order. If the owner fails * * * to confine the dog as required by such order, any peace officer * * * shall kill such dog on or off the premises of the owner”.
A judicial inquiry was conducted pursuant to statute on November 8, and 15, 1974 as a result of which the court makes the following findings of fact and conclusions of law.
On October 10, 1974, a young man, 15 years of age, bicycling to work, alone, on a public street in Harrison was repeatedly attacked and bitten by two male German shepherds. The dogs appeared from over a low wall bordering North Street (near Sunnyridge Road); chased the young man a short distance; and then attacking, one on each side of the bike, seized both of his pants’ legs in their jaws forcing him to stop.
The young man dismounted and attempted to shield himself behind his bike but the dogs continued their attack, one circling to the rear and biting him in the right buttock while the other, attacking from the front, bit him on the leg. The dogs then moved off a short distance and the boy, watching *137 them over his shoulder, walked the bike away toward Locust Avenue, remounted and started to pedal away.
The two dogs again gave chase. The young man, again, tried to shield himself behind his bike, and he was again bitten on the leg. At that point two Harrison police officers alerted to the incident by a motorist, broke up the attack with shouts and thrown stones.
The foregoing factual recital amply demonstrates, in the language of the statute, an "attack [upon] a person who is peaceably conducting himself in [a] place where he may lawfully be”. Moreover, the nature of the incident — no mere playful snap or "accidental” "spontaneous” biting, but a prolonged, vicious and utterly unprovoked series of attacks— lends compelling support to a finding that the dogs are "dangerous” within the meaning of section 116 (Carlisle v Cassasa, 234 App Div 112, 116; Ford v Steindon, 35 Misc 2d 339, 340; Matter of La Borie v Habes, 52 Misc 2d 768) and the court so finds.
We come next to respondent’s claim that the two dogs which attacked the young man have not been shown to be respondent’s dogs. The defense arises from the fact that while the police were attending the young man, the dogs wandered across North Street onto the Willow Ridge (Harrison) Country Club grounds and were lost to sight. Neither these two dogs nor the pair located some 3 to 5 minutes later, leaving the club grounds on North Street, wore collars or had any distinguishing marks or features to identify them as being the same dogs. Further, since the two dogs which were captured were claimed by an unidentified woman, that there is no proof that even those two dogs were respondent’s dogs.
This is, however, a civil proceeding (Matter of Foote, 129 Misc 2) where the standard of proof is a preponderance of the evidence rather than proof beyond a reasonable doubt (Matter of La Borie, supra). So viewed, the close proximity, both in time and place, between the "attacking” dogs’ disappearance and the "captured” dogs’ appearance; the fact that in both cases, we have two shepherds, together, both sets without collars and both without distinguishing markings, the testimony of a police officer that, at least to his eye, the attacking dogs and the captured dogs looked to be the same, adequately establishes that the captured dogs indeed were the same dogs which attacked the young man.
Identification of the captured dogs as respondent’s dogs also *138 was established sufficiently. The dogs responded to the names "Murphy” and "Kelly” which are the names of respondent’s two male shepherds and a humane society employee recognized the dogs as the same two he had observed, repeatedly, within an enclosure on respondent’s property.
In considering the nature of the order to be entered upon the above findings, the court takes judicial notice of its own records indicating respondent’s 38 convictions since October, 1968 for violations of leash-law ordinances, including 8 convictions in 1974 and 16 during 1973. Given this shabby record and the clearly dangerous propensities of respondent’s dogs, any alternative to the immediate destruction of these dogs must include stringent safeguards for the peace and safety óf the inhabitants of the residential area in which respondent’s premises are located.
It, therefore, is ordered, as follows:
1. For a period of 18 months from the date hereof, the two male German shepherds known as "Kelly” and "Murphy” shall be securely confined by means of chain leash to the inside of respondent’s home and the fenced enclosure on respondent’s property; and
2. Upon any default upon the provisions of this order, said dogs, thereupon shall be dealt with in accordance with law and without need of further process of this court.