Ascher Katz, J.
Special proceeding, section 116 of the Agriculture and Markets Law. The complaint alleges that a dog owned by the respondents of 86 Windom Street, Town of Greenburgh, State of New York, is a dangerous dog in that the dog attacked and bit the petitioner, Frank Giandalone on July 7, 1975 at the rear patio of his premises, 88 Windom Street, causing injuries to his left elbow and left second finger and that the same dog attacked and chased Robert Giandalone, on November 16, 1975. The proof showed that the occurrence of November 16, 1975 happened at the front of petitioner’s premises.
The undisputed facts show that on July 7, 1975 at about 11:30 A.M., the petitioner, Frank Giandalone, was at the rear of his premises on his patio in the presence of his daughters and three grandchildren. One child was a one-year-old infant. Petitioner was using his premises in a normal and usual fashion. He was on his own property and was entitled to enjoy his backyard free of interference. The testimony of petitioner was that a Great Dane, which later testimony showed to weigh approximately 250 pounds, ran from respondents’ property at 86 Windom Street across petitioner’s backyard to petitioner’s patio. Upon seeing the attack of the Great Dane, Frank Giandalone, threw a chair at the dog. The dog bit him on the elbow and on the left hand causing blood to flow.
The only justification for this incident appears from the testimony of Herbert Katz who stated that he was walking the Great Dane on the premises of respondents at 86 Windom Street, when he tripped on a brick and the Great Dane left respondent’s backyard and ran onto petitioner’s premises. *80 There is conflicting testimony as to whether petitioner began throwing sticks and a chair at the dog, or whether the dog attacked first. Lillian Zepieri testified that she was sitting in the kitchen when she heard a yell from Herbert Katz. When she went to see the dog, a green and white chair hit her on her left arm while she was on her own property. She conceded that Giandalone was bleeding. She indicated that there was "chaos” in the area.
The throwing of the chair by the petitioner and the throwing of any sticks, as testified to, under the circumstances were justified. In Mattice v L’Amereaux (279 App Div 683), the court held that where the dog of the plaintiff was destroying the fowl of defendant, defendant was justified in shooting the dog and was exempt under section 116 of the Agriculture and Markets Law for the killing of the dog. In any event, the court finds by a fair preponderance of the credible evidence that the attack by the Zepieri dog in the case at bar was unprovoked.
The second incident is alleged to have occurred when the petitioner, Robert Giandalone, was washing his car in front of his house at 88 Windom Street. Robert Giandalone testified that the dog ran at him for no reason, and chased him to the inside of the outer door and that he, Robert Giandalone, was lodged between the inside and .the outer door at the front of his house. A witness stated that he was in the vicinity of the premises, about two houses away from respondent’s and saw the dog walking on the sidewalk. He testified that Robert had a pitchfork.
Section 116 of the Agriculture and Markets Law provides in part as follows:
"If a dog shall attack a person who is peaceably conducting himself in any place where he may lawfully be, such person or any other person witnessing the attack may kill such dog while so attacking and no liability and damages or otherwise shall be incurred on account of said killing * * *
"Any person may make a complaint of such an attack on a person * * * to a justice of the peace of a town * * * and any such justice * * * shall inquire into the complaint upon written notice of not less than three days to the owner of the dog, if the owner shall be within the territorial jurisdiction of the court. If satisfied, from such inquiry, that the dog is a dangerous dog, such justice or magistrate shall order the owner, if within the territorial jurisdiction of the court, and if not within such jurisdiction, then any peace officer, to kill the *81 dog immediately; or may order the owner securely to confine such dog during the time to be specified in the order. If the owner fails to kill or confine the dog as required by such order, any peace officer or a designated representative of the commissioner shall kill such dog on or off the premises of the owner”.
The proceedings under section 116 of the Agriculture and Markets Law has been held to be a special proceeding of a civil nature. (Matter of Foote, 129 Misc 2.) The standard of proof is by a fair preponderance of the credible evidence rather than proof beyond a reasonable doubt. (Matter of La Borie v Habes, 52 Misc 2d 768.)
The dog invaded the premises of the petitioner on July 7, 1975. While there is some excuse on that occasion as to why the dog broke away from its attendant, Herbert Katz, there is no logical reason for the dog to proceed to the premises of the petitioner, thereafter and bite Frank Giandalone to make his elbow and finger bleed.
The action of the dog in chasing the petitioner, Robert Giandalone, to the front door of the Giandalone premises on November 16, 1975 was unprovoked.
The dog is a dangerous dog within the meaning of section 116 of the Agriculture and Markets Law.
At the hearing the court indicated from the bench that it would order a pen or run for the dog on respondent’s property. This decision is recalled and the dog is hereby ordered to be killed unless the owners of the dog provide a suitable pen or run on their own property in conformity with the laws and zoning ordinances of the Town of Greenburgh, same to be erected within a reasonable period of time, and securely confine the dog therein for its life, except when the dog is securely confined by a leash by a suitable person walking the dog. (See People v Sveen, 79 Misc 2d 3.) The dog is dangerous and must not be permitted to roam anywhere except when the dog is securely confined by a leash by a suitable person.