OPINION OF THE COURT
Ralph Yachnin, J.
In this small claims action, plaintiff seeks reimbursement for loss suffered from a film which it loaned to the defendant and which was returned in an alleged damaged condition.
Based upon the credible evidence presented at the trial of this action the court finds the relevant facts to be as follows: In March of 1980 the defendant school teacher borrowed from the plaintiff library a copy of the film known as “The General”. The copy loaned was relatively new. It had been in circulation for approximately one year and loaned about 26 times prior to being borrowed by the defendant. The film was not owned by the plaintiff but was the property of the Nassau Library System and after every loan the film was electronically inspected by that “System” for damage. At the time this film was loaned to the defendant it was undamaged and free from any repairs or splices. After the defendant returned the film, the Nassau Library System found it to have extensive damage of the sprocket holes. This damage was of such nature that the film could not be repaired. It was, therefore, replaced with *716 a new copy of the film at a cost of $154. The Nassau Library System, however, charged the plaintiff only $130 for the damaged film and the plaintiff seeks this amount from defendant.
At the trial the defendant raised the fact that improper splicing of a film may cause a film to sustain sprocket hole damage. However, other evidence clearly established that the film had never been spliced. The defendant also presented testimony regarding her ability to pay for the damaged film. Such testimony, however, is totally irrelevant to the questions of liability and damages which are the only issues before this court.
In view of the foregoing, the court finds that the defendant has failed to prove that the film was defective when she borrowed it, that the film-testing equipment was unreliable, that the damage to the film was caused by anyone other than herself, or, most importantly that a film with extensive sprocket hole damage results from anything other than negligent handling. Thus, the court concludes that liability for the damaged film falls upon the defendant. Accordingly, the court awards judgment to the plaintiff and against the defendant in the amount of $130 less depreciation of $24 for a net amount of $106.
The second part of this action involves a counterclaim interposed by the defendant against the plaintiff in the amount of $200 for damages allegedly resulting from the harassment of the defendant by the plaintiff or its agents.
It should be noted that the law does not give a remedy to every interference with another’s interests, even though the wrongdoer is clearly at fault. (Prosser, Law of Torts [2d ed], p 4.) A relevant example of this fact is found in Flamm v Van Nierop (56 Misc 2d 1059) in which the court held that offenses of a minor nature, such as name-calling or angry looks, are not actionable though they may wound the feelings of the victim and cause some degree of emotional upset.
The defendant testified at trial that “unproven accusations” were made to her by employees of the plaintiff. However,- without further facts such an incident is not actionable under the law. The defendant also testified that *717 she was treated like a criminal before she had an opportunity to present her case. Such a statement lacks specific factual allegations and is, therefore, conclusory. Moreover, the defendant again has failed to state facts sufficient to constitute a legally cognizable cause of action. With respect to the defendant’s allegations of harassment, it might be best to conclude by restating what the Court of Appeals said in Terwilliger v Wands (17 NY 54, 60): “It would be highly impolitic to hold all language, wounding the feelings and affecting unfavorably the health and ability to labor, of another, a ground of action; for that would be to make the right of action depend often upon whether the sensibilities of a person spoken of are easily excited or otherwise; his strength of mind to disregard abusive, insulting remarks concerning him; and his physical strength and ability to bear them.”
The court now turns to the final issue raised by the defendant’s counterclaim which is whether or not the plaintiff violated the defendant’s constitutional rights. The court notes that the Fourth Amendment of the Constitution of the United States, which was raised by the defendant at the trial, is totally inapposite under the facts in this case. The Fourth Amendment protects citizens against unreasonable searches and seizures of their person, houses, papers and effects. This case involves no such issues. The defendant contends that her right to due process under the Fifth Amendment was also violated and, therefore, she is entitled to recover money damages. However, the Fifth Amendment of the Constitution does not apply directly to the States. It is the Fourteenth Amendment of the Constitution which protects citizens against due process violations under color of State law. Accordingly, in this small claims case, this court must assume that the defendant, who is not a lawyer, is also asserting her right to due process of law as guaranteed by the Fourteenth Amendment.
For a violation of the right to due process the United States Congress has provided a civil remedy by way of section 1983 of title 42 of the United States Code, which states, in part, that: “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *718 State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.”
Deprivation of the right to due process of law under the Fourteenth Amendment has specifically been held to be a ground for action under section 1983 of title 42 of the United States Code. (Selico v Jackson, 201 F Supp 475.) Claims arising under this statute may be brought in a State court. (International Prisoners’ Union v Rizzo, 356 F Supp 806; Terry v Kolski, 78 Wis 2d 475.) Furthermore, a public library which is supported by public taxation regardless of whether it is a municipal corporation or some other legal entity is a person subject to liability under section 1983 of title 42 of the United States Code. (See Monell v New York City Dept. of Social Servs., 436 US 658.)
In order for the defendant to establish that her right to due process was violated she must prove that one or both of two necessary elements were denied her.
The first of these elements is that notice of the charges being made be given to the individual accused. (Matter of Murray v Murphy, 24 NY2d 150.) Under the evidence produced at trial the court concludes that the defendant did receive adequate notice of the charges against her. The defendant was notified both by letter and by conservations with Mr. Menear, the library director, that she was being held responsible for damage to the film she borrowed and that her library privileges were being suspended until such damages were paid for.
The second element is that an opportunity to be heard must be afforded at a meaningful time and in a meaningful manner. (Matter of Jones v Berman, 37 NY2d 42.) The defendant has proved that she was never informed of her right to a hearing before the library’s board of trustees at any time either prior to or simultaneous with the suspension of her library privileges. The defendant was first advised of the suspension of her privileges by a letter from the plaintiff dated April 14, 1980. In that letter the plaintiff stated:
*719 “We have drawn a check to NLS in the amount of the bill ($130) as per our contractual obligations with the system; and I therefore must request reimbursement from you/your school as soon as possible.
“In view of the size of this bill, and the rather memorable conversation that you and I had by telephone re. this matter, I regret to advise you that, unless/until this matter is taken care of to our satisfaction, you can no longer borrow materials from this library or from any other member library of Nassau Library System.”
This letter clearly fails to inform the defendant of her right to a hearing. Additionally, it indicates that there is no avenue of recourse open to her except to pay the alleged damages.
The opportunity to be heard, which is fundamental to due process, requires that the existence of this opportunity must be communicated to the person being deprived of her rights.
The question then becomes when must it be so related? Cases are replete with the expression that the opportunity to be heard “must be afforded at a meaningful time.” (Matter of Jones v Berman, 37 NY2d 42, supra; Goldberg v Kelly, 397 US 254.) In the fact pattern of this case the court can draw no other interpretation of this mandate than to conclude that the notice of the right to a hearing be givpn either prior to or at the very least, simultaneously with the withdrawal of the library privileges.
Due process also requires that when a person’s library privileges are summarily suspended the opportunity for a hearing must be at the earliest reasonable time. In the plaintiff’s letter to the defendant, dated April 24, 1980, there was what may be called an offer of a hearing. However, this “offer” was proffered 10 days after the defendant was first advised of her loss of library privileges. By that time damage had already been suffered by the defendant. In fact, a reading of that “offer” most favorable to the pláintiff suggests that the hearing would take place over one and a half months after the loss of the defendant’s library privileges during which time her privileges were still under suspension. Surely, this delay cannot be deemed due process of law!
*720 In view of the foregoing, this court concludes that the defendant’s right to due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States was violated by the plaintiff.
In an action under section 1983 of title 42 of the United States Code, once a deprivation of a right to which the complainant was entitled has been shown, nominal damages may be awarded. (Magnett v Pelletier, 360 F Supp 902.) However, in the instant case, the defendant suffered damages as a direct result of being deprived of the right to due process. The specific damages incurred by the defendant include deprivation of the services of the HewlettWoodmere Public Library in addition to the other branches of the Nassau Library System. Although the amount of damages for such injuries cannot be determined by reference to an objective standard, sufficient precedent exists to support granting of nonpunitive damages for the deprivation of intangible rights for which no pecuniary loss can be shown. (Bryant v McGinnis, 463 F Supp 373.)
In view of the defendant’s position as a school teacher and her frequent use of the library, the court finds that the defendant has suffered damages in the amount she demanded, i.e., $200. Accordingly, let judgment be entered in favor of the defendant and against the plaintiff in the amount of $200 on the defendant’s counterclaim.