■ OGDEN N. LEWIS et al., Appellants, v NED B. STILES et al., Respondents.—

The plaintiffs and the defendants are adjoining neighbors in the Village of Quogue, New York. In 1986, the defendants decided to construct a swimming pool and adjoining poolhouse on their property. They submitted an application to the Board of Appeals of the Village of Quogue for a variance regarding the location of the pool, which was withdrawn after the plaintiffs objected to the plan. Thereafter, the defendants constructed the pool in a different place that did not require a zoning variance.

In the instant action, the plaintiffs claim that the defendants committed a prima facie tort against the plaintiffs in situating the pool in its present location and that their subsequent use of the pool constituted a nuisance. The Supreme Court granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

The plaintiffs have no cognizable claim sounding in prima facie tort. Their complaint fails to demonstrate "disinterested malevolence", for it cannot be said that such malevolence was the primary motivation for the defendants' otherwise lawful act of constructing a pool in their backyard *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *Curiano v Suozzi,* 63 NY2d 113, 117; *Schlotthauer v Sanders,* 143 AD2d 84, 85; *Molinoff v Sassower,* 99 AD2d 528, 529).

The plaintiffs' cause of action sounding in nuisance is equally unavailing. The alleged disturbances of dogs barking, children frolicking, and the discordant sounds of music and outdoor summer life do not, as a matter of law, rise to the level of substantial and unreasonable interference with the plaintiffs' use of their own property which would constitute a private nuisance *(see, e.g., Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 571).

We deny as unjustified the plaintiffs' request, made for the first time on appeal, for leave to serve an amended complaint *(see,* CPLR 3211 [e]).

We also deny the defendants' request for the imposition of sanctions upon the plaintiffs *(see,* 22 NYCRR part 130) for bringing a frivolous lawsuit. Although the court has found the plaintiffs' arguments to be unpersuasive, the defendants have not demonstrated that the appeal is frivolous, nor that the plaintiffs are simply seeking to harass or maliciously injure them, or have undertaken this appeal primarily to delay or

prolong the litigation *(see, Mechta v Mack,* 154 AD2d 440; *Lincoln Sav. Bank v Warren,* 156 AD2d 510). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.