(March 17, 1992)

■ G.O.V. Jewelry, Inc., Respondent, v United Parcel Service, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 1, 1991, which granted the motion of plaintiff-respondent for summary judgment in lieu of complaint and denied defendant's cross-motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, plaintiff's motion denied, defendant's motion granted and the action dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

On June 13, 1988 plaintiff, a jewelry wholesaler, engaged defendant to ship an order of jewelry worth over $32,000 to P & D Jewelry in St. Louis, Missouri. Since plaintiff had never done business with this customer before, it marked its C.O.D. delivery instructions "Cash Only" by checking a box so marked on the shipping tag. Upon delivery, defendant's employee accepted what purported to be a cashier's check, but which was later discovered to be a forgery.

Initially, we find that the IAS court erred in granting summary judgment in lieu of complaint under CPLR 3213. This section is properly used where an action is based upon an instrument for the payment of money only. Its purpose is to provide an accelerated procedure where liability for a certain sum is clearly established by the instrument itself *(Technical Tape v Spray Tuck,* 131 AD2d 404). Two types of documents were submitted in this case, but neither is adequate to support

summary judgment in lieu of complaint. First, as to the check itself, since defendant was not a party, the check is clearly ineligible to establish defendant's liability for the stated amount *(see, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151). Moreover, as to the C.O.D. shipping receipts, we find that the obligations imposed upon defendant by these receipts could only be fully understood by resort to other evidence, such as the tariff filed by defendant as a common carrier, and were not simply for the payment of money. Under these circumstances, summary judgment in lieu of complaint was inappropriate *(see, Signal Plan v Chase Manhattan Bank,* 23 AD2d 636).

Defendant also contends that the court erred in denying its cross-motion for summary judgment based on the evidence that it was entitled to accept a cashier's check in the within transaction and that plaintiff bore the risk that the check might be forged. Plaintiff, in turn, claims that defendant was contractually bound to accept nothing except actual currency. First, contrary to the IAS court, we find that the tariff filed by defendant as a common carrier which was in effect at the time of the within transaction permitted the acceptance of cashier's checks in lieu of cash, even when the shipment was marked "cash only". Additionally, contrary to plaintiff's contention, this provision was included in the "Service Explanation" published for the use of customers which was in effect at the time of the transaction. Both the tariff and the Service Explanation also made clear that the customer bore the risk of forgery.

Plaintiff also claims, for the first time on appeal, that even if defendant had been entitled to accept the cashier's check, it breached its contract because it never actually delivered the check to plaintiff. However, plaintiff is not entitled to raise this argument for the first time on appeal, since defendant would have had the opportunity to counter it factually had it been raised in the IAS court *(City of New York v Stack,* 178 AD2d 355). Moreover, it is well established that a party opposing summary judgment must come forward and tender evidentiary proof in admissible form reflecting that there is a bona fide issue requiring a trial *(Zuckerman v City of New York,* 49 NY2d 557). Although plaintiff was afforded full opportunity to oppose defendant's motion for summary judgment, it points to no evidence on the record supporting its appellate argument that defendant breached its contract by failing to deliver the check. Indeed, the record belies plaintiff's argument in that plaintiff's own papers include a photocopy of

the check and plaintiff itself offered a sworn statement that the check was "fraudulent and uncollectible."

As to plaintiff's remaining arguments in opposition to summary judgment, plaintiff has come forward with no evidence supporting a cause of action in negligence since there is no indication that defendant was negligent in accepting the subject check, which appeared to be valid on its face. Nor is there any factual predicate to impose liability upon defendant for failure to deliver the goods, since the goods were in fact delivered to their intended destination.

Under these circumstances, we find that defendant established that it was entitled to summary judgment in its favor. Concur—Murphy, P. J., Ellerin, Wallach and Smith, JJ.