■ BENJAMIN LEDERER, Respondent, v MERCHANTS BANK OF NEW YORK, Appellant, et al., Defendants. [599 NYS2d 90] —In an action to recover on four promissory notes, commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, the defendant Merchants Bank of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 14, 1991, as granted that branch of the motion which was for summary judgment in favor of the plaintiff and against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which is for summary judgment in lieu of complaint against the defendant Merchants Bank of New York is denied, and the plaintiff's time to serve a complaint against the appellant is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry, and the appellant shall serve its answer within 20 days after service of the complaint.

The defendant Roger Raphael Corp. (hereinafter Raphael)

executed four promissory notes to the order of the defendant Brocha International Diamond Company (hereinafter Brocha). Brocha endorsed and delivered the notes to Jacob Paskesz, Inc. (hereinafter Paskesz) at the plaintiff Lederer's request. Paskesz, a customer of the Merchants Bank of New York (hereinafter the bank), discounted the notes with the bank by delivering and endorsing the notes to it. The bank paid the proceeds of the notes to Paskesz. Neither Brocha nor Raphael paid the notes as they became due.

On January 4, 1990, the bank debited Paskesz's account for the amount of the unpaid notes, and returned the notes to Paskesz. On February 1, 1990, after the default in payment of the notes, Paskesz assigned its rights in the notes to the plaintiff. Shortly thereafter, the plaintiff commenced this action against the bank, Brocha, and Raphael. The action was commenced by service of summons and affidavit in support of a motion for summary judgment in lieu of complaint, pursuant to CPLR 3213.

The Supreme Court (Ramirez, J.) granted the plaintiff's motion for summary judgment in lieu of complaint against all defendants. The bank appeals. We agree with the bank that the facts here do not establish the plaintiff's entitlement to use the procedure pursuant to CPLR 3213 against it. The plaintiff's complaint against the bank is to recover damages for breach of its obligations under UCC 4-301 and UCC 4-302 for its failure to timely pay or dishonor the notes. Nowhere in the papers supporting the plaintiff's motion for summary judgment does the plaintiff allege that the bank failed to pay the notes according to their terms. Indeed, as the bank points out, the notes themselves indicate that the parties thereto are the defendant Raphael as maker, the defendant Brocha as payee and endorser, and Paskesz as endorser. Thus, the plaintiff cannot proceed against the bank under CPLR 3213, because the notes did not obligate it to make any payments to any party (see, *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151; *G.O.V. Jewelry v United Parcel Serv.,* 181 AD2d 517). In light of this determination, we need not address the bank's remaining contentions. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.