■ Julie Langan et al., Appellants, v Shirley Bellinger, as Treasurer of the Presbyterian Church of the Town of Schoharie, Respondent. [611 NYS2d 59] —Weiss, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 21, 1993 in Schoharie County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

This lawsuit demonstrates that what may be music to the ears of some can, in certain circumstances, be a nuisance to the ears of others. Plaintiffs, who reside in the Village of Schoharie, Schoharie County, have commenced this action against their neighbor, the Presbyterian Church of the Town of Schoharie, seeking injunctive relief "from playing hourly chimes on a daily basis beginning at 8:00 o'clock in the forenoon and ending at 8:00 o'clock in the afternoon * * * and from playing carillon music on a daily basis at 12:00 o'clock in the afternoon and at 6:00 o'clock in the afternoon", which plaintiff Julie Langan* avers "is a complete disruption of [her] family life, prevents a child from sleeping, and invades the privacy of [her] residence and creates unnecessary stress". The complaint characterizes the foregoing to be both a private nuisance and a violation of an ordinance of the Village of Schoharie. Plaintiffs moved by order to show cause for a preliminary injunction, in response to which defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion, granted defendant's cross motion and dismissed the complaint. We affirm.

One may be liable for a private nuisance where the wrongful invasion of the use of another's land is intentional and unreasonable. The elements of such a private nuisance are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's

---

* Langan and the other plaintiff, Ernest Eggers, both reside approximately 250 feet from the church.

property right to use and enjoy land, (5) caused by another's conduct in acting or failing to act" *(Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570; *see,* Restatement of Torts § 822). We note that the complaint appears to be defective in that it fails to allege two of the basic elements of private nuisance, i.e., that the interference is substantial in nature or that it is unreasonable in character. For this reason alone, dismissal of the complaint would be appropriate.

Nonetheless, we similarly find dismissal on the ground found by Supreme Court to be proper. Defendant's moving papers included the sworn affidavit of and report by Wayne Sikora, an expert in noise management, which showed that the sound levels emanating from the bells and chimes were no greater than the sound from a passing automobile, of which some 6,500 passed plaintiffs' properties each day. This document, together with affidavits from the pastor of the church, defense counsel and affidavits from 15 other Village residents who found the bells and chimes to be pleasant, as well as an affidavit from the Village Mayor and Village Attorney showing there was no violation of an ordinance *(see, Camarda v Vanderbilt,* 147 AD2d 607, 608-609), constituted a prima facie showing of entitlement to summary judgment *(see, Lewis v Stiles,* 158 AD2d 589, 590).

In opposition, plaintiffs offered only their own affidavits and that of their attorney, all of which were lacking in objective evidence to either rebut the opinion of defendant's expert or demonstrate that the music and chimes constituted a nuisance. Because plaintiffs failed to meet their burden of coming forward with proof in evidentiary form to demonstrate the existence of factual issues requiring a trial, summary judgment dismissing the complaint was entirely appropriate *(see, Hagan v General Motors Corp.,* 194 AD2d 766, 767-768, *lv denied* 82 NY2d 658; *Kinner v Corning, Inc.,* 190 AD2d 977, 978; *G.O.V. Jewelry v United Parcel Serv.,* 181 AD2d 517, 518). We further note that opposition which rests only on discrepancies between opposing papers and relates solely to matters of credibility of conflicting opinions of experts will not suffice *(see, Meizinger v Akin,* 192 AD2d 1011, 1014, *lv denied* 82 NY2d 661; *Pizzaro v City of New York,* 188 AD2d 591, 594, *lv denied* 82 NY2d 656).

Finally, we find that Supreme Court correctly denied plaintiffs' applications for preliminary injunctive relief in the absence of any demonstration of the probability of success in the lawsuit *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.