■ CHENANGO, INC., Appellant, v COUNTY OF CHENANGO et al., Respondents. [681 NYS2d 640] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered March 23,

1998 in Chenango County, which granted defendants' motion for summary judgment dismissing the complaint.

The question presented is whether Supreme Court improperly dismissed plaintiff's causes of action for nuisance and negligence based upon defendants' construction and operation of a landfill upon property adjoining that of plaintiff.

In 1983, plaintiff purchased approximately 105 wooded acres, containing a small cabin, in the Town of Pharsalia, Chenango County. The property served as an outdoor recreation area and nature and game preserve for plaintiff's shareholders and clients, and was utilized as such between 12 and 25 times per year. In 1992, defendant County of Chenango purchased adjoining land for the purpose of constructing a new landfill. Plaintiff commenced this action alleging, *inter alia,* that the County's construction and operation of the landfill precipitated odors, noise and vibrations adversely affecting its use and enjoyment of its property. Following discovery, defendants moved for summary judgment. Supreme Court granted the motion and dismissed the complaint, finding that plaintiff failed to establish any triable issue of fact with respect to culpable conduct on the part of defendants. Plaintiff appeals.

We affirm. While plaintiff correctly observes that summary judgment is a drastic remedy not to be granted when there is any doubt as to the existence of a triable issue of fact, it is nonetheless appropriate where the moving party's submissions establish its entitlement thereto as a matter of law and the opposing party fails to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967).

We note at the outset that although plaintiff has set forth separate causes of action for nuisance and negligence, the complaint is essentially grounded in allegations of negligence. The essential elements of a nuisance action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570; *see, Futerfas v Shultis,* 209 AD2d 761; *Langan v Bellinger,* 203 AD2d 857). Conduct which is either reckless or negligent in character may form the basis of a nuisance claim, but "whether characterized as either negligence or nuisance, [it] is but a single wrong", and negligence must be proven (*Copart Indus. v Consolidated Edison Co., supra,* at 569).

Turning to an examination of the summary judgment motion, we agree with Supreme Court that defendants submitted

sufficient evidence to demonstrate its exercise of reasonable care in the location, construction and operation of the landfill. Pursuant to a mandate from the Department of Environmental Conservation (hereinafter DEC) directing closure of its existing landfills, the County was required to construct a new "state of the art" municipal landfill. It engaged environmental engineers who undertook a study of 20 potential sites in accordance with DEC criteria. Under the direction of DEC, the County prepared a full environmental impact statement in accordance with the State Environmental Quality Review Act (ECL art 8). The operating permit granted to the County by DEC required that construction and operation of the landfill comport with the regulations of 6 NYCRR part 360 as well as the enumerated conditions of the permit itself. Regular monitoring and testing conducted by DEC have revealed no regulatory violations or adverse effects upon water quality or the environment. Notably, DEC and the Army Corps of Engineers undertook specific testing and investigations at the behest of plaintiff, and found no permit violations.

In the face of defendants' submissions, the burden shifted to plaintiff to demonstrate the existence of a material question of fact as to defendants' negligence. Although plaintiff insists that its complaint is not grounded upon the siting of the landfill, but rather upon its negligent operation, it is evident that the conditions upon which its complaint is based derive principally from the inherent attributes of the landfill rather than from any negligent operation of same.[1] In the main, plaintiff's responding papers elaborate upon the extent of the claimed nuisance without substantiating its general assertion of the County's negligence. Plaintiff's only specific claim of the County's negligence relates to an alleged violation of 6 NYCRR 360-1.14 (p) governing noise levels. In this regard, plaintiff relies heavily upon the report of its expert, Scott Manchester, concerning ambient noise measurements taken to determine defendants' compliance. Plaintiff argues that Manchester's report establishes defendants' violation of the noise regulation which, if not constituting negligence *per se*, at least creates an issue of fact as to its negligent operation of the landfill. We disagree.

The relevant portion of 6 NYCRR 360-1.14 (p) requires that noise resulting from equipment or operations at the facility be "controlled to prevent transmission of sound levels beyond the property line at locations zoned or otherwise authorized for

---

1. In this regard, we note that the subject lawsuit was commenced less than one month' after the landfill commenced operations.

residential purposes" in excess of enumerated, in this instance, 57 dBA[2] between the hours of 7:00 A.M. and 10:00 P.M. Manchester positioned measuring devices in various locations on plaintiff's property. One device produced readings of 59.3 dBA and 58.3 dBA, slightly above the 57 dBA limit. However, this device was placed on the property line, whereas the regulation refers to sound levels "beyond" the property line. Measurements obtained from locations only five yards beyond the property line yielded readings of 48.2 dBA and 51.8 dBA., well below the stipulated limit. Locations in the middle of plaintiff's property, and at the cabin itself, registered a maximum of 41.5 dBA.

We can otherwise identify no specific claim of negligence or other culpable conduct on the part of the County, in the absence of which plaintiff's litany of grievances, including noise and vibrations from trucks traversing the landfill's access road, the proliferation of seagulls, emanation of unpleasant odors and unsightly appearance, is to no avail (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, *supra; State of New York v Fermenta ASC Corp.*, 238 AD2d 400, *lv denied* 90 NY2d 810; *Strand v Neglia*, 232 AD2d 907, *lv dismissed* 89 NY2d 1086; *Langan v Bellinger*, 203 AD2d 857, *supra*).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. dBA is a measurement of sound expressed in decibels.