■ 980 FIFTH AVENUE CORP., Appellant, v DONALD G. SMITH et al., Respondents, et al., Counterclaim Defendants. [743 NYS2d 435] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about December 12, 2001, which, to the extent appealed from, granted the cross motion of the Smith defendants for summary judgment dismissing the complaint, and order, same court and Justice, entered March 8, 2002, which, to the extent appealable, denied plaintiff's motion for renewal and leave to serve an amended complaint, unanimously affirmed, with costs.

A dog is not a per se nuisance (*see, McCluskey v Wile*, 144 App Div 470). Therefore, if plaintiff residential cooperative corporation were to claim successfully that the dog residing in defendants' apartment constituted a nuisance, plaintiff would be required to plead and prove that the dog's conduct in some way substantially and unreasonably interfered with the property rights of defendants' fellow tenant-shareholders (*see, Lewis v Stiles*, 158 AD2d 589, 590, citing *Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 571). Plaintiff, however, neither alleged nor adduced evidence which raised a triable issue about whether the dog's conduct constituted a nuisance. Consequently, plaintiff could not rely on its house rules or proprietary lease to exclude the dog from the premises and thereby ignore the three-month limitation period (*see*, Administrative Code of City of NY § 27-2009.1 [b], [d]). Inasmuch as this action was commenced some eight months after defendants became tenant-shareholders and moved into their apartment at plaintiff's premises, and as the record also discloses that plaintiff was aware that defendants were openly and notoriously keeping a dog in their apartment from their tenancy's inception, plaintiff's claim for relief is time-barred, premised as it is on its proprietary lease and house rules.

Moreover, the motion court properly found that plaintiff had waived its no-pet policy since the contract of sale for the apartment defendants purchased, as well as all prior writings between defendants and the unit's seller plainly expressed defendants' intention to keep a dog in the apartment. Plaintiff nonetheless approved that the shares be sold, and the lease to the unit be transferred, to defendants.

Indeed, plaintiff transferred the shares and lease to defen-

dants notwithstanding their prior express refusal to accede to plaintiff's agent's request that they sign an agreement which would have prohibited them from keeping their dog. Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.