*350 OPINION OF THE COURT
Timmie E. Elsner, J.
Procedural History
Petitioner, University Towers Associates, commenced the instant holdover proceeding against the rent-stabilized tenant of record of apartment 12G at 191 Willoughby Street, Brooklyn, New York (premises), Maxine Gibson, and various undertenants (collectively known as respondents). The proceeding is grounded in nuisance, viz., the tenant allegedly by malice or gross negligence caused damage to the housing accommodation, and engaged in a course of conduct — harboring a pit bull — with the intention of harassing the landlord or other tenants. According to petitioner, the pit bull is an alleged “known dangerous animal” whose presence at the premises creates a threat to the life, health and safety of the other residents.
Respondent Maxine Gibson moves pursuant to CPLR 3211 for an order dismissing the instant proceeding on the grounds that the petition fails to state a cause of action and that the notice of termination fails to state the facts upon which the proceeding is based as required by Rent Stabilization Code (9 NYCRR) § 2524.2.
Underlying Facts
Respondent, Maxine Gibson, entered into possession of apartment 12G at 191 Willoughby Street, Brooklyn, New York, a rent-stabilized apartment, pursuant to a written lease which commenced on or about August 1, 1982. At an unspecified point in her tenancy, respondent came into possession of a dog, a pit bull. Neither petitioner nor respondent state the dog’s name, age or gender in their papers. The petitioner does not allege receiving complaints about the dog from other building residents. There is no claim that the dog has misbehaved or threatened occupants, guests or other pets in or outside the building. There are no claims the pet barks or engages in other nuisance behavior.
1. Notice of Termination
Service of a notice of termination is the necessary predicate to evicting tenants from rent-stabilized apartments. Section 2524.2 (b) of the Rent Stabilization Code details what the notice must contain:
“(b) Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state *351 the ground under section 2524.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.” (Emphasis added.)
A notice which does not establish the existence of facts upon which the proceeding will be based is inadequate as a matter of law (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991]; Riley v Raphael, NYLJ, Feb. 8, 2006, at 18, col 1 [Civ Ct, NY County]). As indicated above, the notice of termination in this proceeding alleges only that “harboring a pitbull, which is a known dangerous animal” is the basis for claiming the existence of a nuisance. A predicate notice must apprise the respondent adequately of the basis for the termination of the tenancy so that respondent may formulate a defense (McGoldrick v DeCruz, 195 Misc 2d 414 [App Term, 1st Dept 2003]). Absent a concise statement of facts upon which the proceeding is based, section 2524.2 of the Rent Stabilization Code has not been satisfied. As the defect is not curable by amendment, the notice of termination is defective and the petition must be dismissed (Chinatown Apts. v Chu Cho Lam, supra; Landriscina v Solow, NYLJ, Feb. 28, 1990, at 25, col 4 [App Term, 2d & 11th Jud Dists]; Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]).
2. Dangerous Dogs
According to petitioner, a pit bull is a known dangerous animal. Agriculture and Markets Law § 121 provides procedures for addressing problems caused by said dogs. It requires as a prerequisite that the dog attack, attack and injure, chase, worry or annoy humans, domestic animals as well as guide dogs, service dogs or hearing dogs. An attack upon a person is any overt action by the dog tending to cause “reasonable apprehension of harm or injury to a person, together with the apparent ability in the dog to inflict such harm.” (Matter of LaBorie v Habes, 52 Misc 2d 768, 769 [Just Ct, Town of Webster 1967].) This can be accomplished by growls or bared teeth, a bite being unnecessary (id.; Agriculture and Markets Law § 121).
Dog owners will be held in strict liability for injuries sustained as a result of harm caused by a dog with a vicious nature or propensity. A vicious nature or propensity is defined as “the tendency of a dog to do an act which might endanger another” (Wheaton v Guthrie, 89 AD2d 809, 810 [4th Dept 1982], citing Morales v Quinones, 72 AD2d 519 [1st Dept 1979]). The owner *352 must have knowledge of the dog’s propensity which is defined as prior bites and/or mischievous propensities (id.; Provorse v Curtis, 288 AD2d 832 [4th Dept 2001]; Wheeler v Couret, 182 F Supp 2d 330 [US Dist Ct, SD NY 2001]).
Agriculture and Markets Law § 107 (5) permits municipalities to adopt animal control programs to regulate dangerous dogs. It does not mention any specific breed of dog. To date, the City of New York has not adopted a breed specific animal control law or ordinance.
3. Nuisance
The courts have defined nuisance as “a continuing or recurrent pattern of objectionable conduct or a condition that threatens the comfort and safety of others” (Domen Holding Co. v Aranovich, 302 AD2d 132, 134 [1st Dept 2003], affd as mod 1 NY3d 117 [2003]; Novak v Fischbein, Olivieri Rozenholc & Badillo, 151 AD2d 296 [1989]; Valley Cts. v Newton, 47 Misc 2d 1028 [1965]). By implication, a single occurrence or a series of isolated incidents do not constitute nuisance; there must be some permanence in the actions (Ford v Grand Union Co., 240 App Div 294 [3d Dept 1934]; Metropolitan Life Ins. Co. v Mold-off, 187 Misc 458 [App Term, 1st Dept 1946]). Therefore, affirmative acts, an intentional failure to act or actions committed through the actor’s gross negligence repeated over a period of time must be present to sustain a claim of nuisance.
In this proceeding, neither the petition nor the notice of termination allege any of the foregoing. The notice of termination alleges the nuisance is created by the respondents’ purported
“maliciously or by reason of gross negligence damaging the housing accommodation and . . . engaging in a course of conduct, the primary purpose of which is intended to harass the Landlord or other tenants of the building by substantially interfering with the comfort and safety of the Landlord and other tenants by harboring a pitbull, which is a known dangerous animal.”
Petitioner does not allege that the pit bull attacked or chased anyone, that the dog menaced anyone or their pets, or that the respondent threatened anyone with the dog or threatened to cause the dog to attack anyone. Moreover, there is no allegation that the dog in question is in the apartment in violation of a “no pet” clause in the lease.
The Appellate Term, Second and Eleventh Judicial Districts, in Montemuino v Gelber (2003 NY Slip Op 51054[U] [2003]) ad *353 dressed a similar issue. That proceeding involved an alleged breach of a “no pet” clause in the lease. The petitioner had alleged that a violation of the “no pet” lease provision and other unspecified acts constituted nuisance. Citing Copart Indus, v Consolidated Edison Co. of N.Y. (41 NY2d 564 [1977]), 980 Fifth Ave. Corp. v Smith (295 AD2d 133 [2002]) and Lewis v Stiles (158 AD2d 589 [1990]), the court ruled that the lower court’s dismissal of the petition was warranted given petitioner’s failure to allege “how the alleged acts of nuisance committed by tenant substantially and unreasonably interfered with the property rights of defendant’s fellow tenants.” (2003 NY Slip Op 51054, *2.) In Lewis v Stiles (supra), the Appellate Division, Second Department, held that the sounds of “dogs barking, children frolicking, and the discordant sounds of music and outdoor summer life do not, as a matter of law, rise to the level of substantial and unreasonable interference with the plaintiffs’ use of their own property which would constitute a private nuisance.” (158 AD2d at 590 [emphasis added].)
In One More Time Realty Corp. v Ahuatl (NYLJ, Aug. 13, 2003, at 20, col 5 [Civ Ct, Bronx County]), the court addressed similar claims by a petitioner. A notice to cure and a notice of termination were served on the rent-stabilized tenants. The notices alleged that the respondents harbored a dog “believed to be a pit bull.” (Id.) In addition, they alleged that “a pit bull is such an inherently dangerous animal that the mere harboring of the animal constitutes a nuisance and is a danger to the other tenants and occupants of the building.” (Id.) In dismissing the petitioner’s claim, the court held the allegation to be “defective and overly vague.” (Id.) The court further held that, in order to constitute nuisance behavior, a notice must plead continuing or recurring conduct.
The court notes that various decisions regarding the removal, destruction or confinement of dangerous dogs involve some threatening action as a precondition. While these cases mandate action be taken with regard to such canines, forfeiture of one’s living accommodation has not been required. In Giandalone v Zepieri (86 Misc 2d 79 [1976]), a great dane bit and chased men; Matter of Brooks v Hemingway (107 Misc 2d 190 [1980]) concerned a 100-pound labrador-malamute that attacked a boy; Matter of People v Horvath (205 AD2d 927 [1994]) involved a rottweiler that chased two children and killed a pekinese; in Reda v Department of Health of City of N.Y. (137 Misc 2d 61 [1987]), the court ordered the destruction of a dog that had bit *354 ten three people in a 24-month period; and in Amado v Estrich (182 AD2d 1109 [1992]), a golden retriever knocked down a bicyclist.
Without allegations of objectionable conduct by respondent or the dog over a period of time, the court is constrained to find that no nuisance exists. In this jurisdiction the court cannot create decisional law which would usurp legislative action and notes that while in other states pit bulls are banned by law, e.g., parts of Utah and Florida, no such statute exists in the City or State of New York. A dog is not a per se nuisance; thus a litigant would have to plead and prove a dog’s conduct interfered substantially and unreasonably with the rights of other tenants (980 Fifth Ave. Corp. v Smith, supra).
Conclusion
Based upon the foregoing, the court finds the notice of termination and petition are defective as a result of petitioner’s failure to state a cause of action. Therefore, the petition is dismissed with prejudice.