SUMMARY ORDER
Plaintiff-appellant Victor M. Serby appeals from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.) dated December 7, 2007, granting defendants-appellees The County of Nassau (the “County”), The Police Department of Nassau County, Frank Sabella, and John Lutz’s (collectively the “County Defendants”) motion to dismiss, granting defendants-appellees The Incorporated Village of Hewlett Neck (the “Village”), The Town of Hempstead (the “Town”), Denise Willix, Gary Shaw, Bart Cominsky, Jack Olson, and Mario Bove’s motion for summary judgment, and vacating the default judgment against defendant Denise Ayre. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
A. Motion to Dismiss
We review a district court’s dismissal pursuant to Fed.R.Civ.P. 12(b)(6) de novo, see Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir.2009), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs favor, see ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007). To survive a motion to dismiss, Serby’s “complaint must contain sufficient factual matter, accepted as true, to *458 ‘state a claim to relief that is plausible on its face.’” Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
The district court properly-granted the County Defendants’ motion to dismiss.[1] As an initial matter, Serby’s complaint fails to plead facts sufficient to demonstrate that either Lutz or Sabella deprived Serby of a right protected by the Constitution or some other federal law. Indeed, when construed liberally, the complaint indicates only that the officers knocked on Serby’s door, which was locked. Consequently, Lutz and Sabella are entitled to qualified immunity. See Pearson v. Callahan, — U.S. —, 129 S.Ct. 808, 815-16, 172 L.Ed.2d 565 (2009); Kelsey v. County of Schoharie, 567 F.3d 54, 60-61 (2d Cir.2009). Furthermore, because Serby’s complaint fails to plead facts sufficient to demonstrate either (1) the violation of a constitutional right or (2) the existence of an official custom or policy, the district court did not err when it held that Serby had failed to state a § 1983 claim against the County. See Wray v. City of New York, 490 F.3d 189, 195 (2d Cir.2007).
B. Motion for Summary Judgment
We review the grant of summary judgment de novo, “examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant.” Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir.2003). Summary judgment is appropriate when “there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). Serby challenges the district court’s grant of summary judgment in favor of the various remaining defendants in a number of ways. We address each in turn.
Serby contends that Mario Bove was not entitled to absolute immunity because (1) Bove did not have jurisdiction over him and thus was not acting within the scope of his duties, and, in the alternative, (2) Bove was not acting in a prosecutorial capacity. These arguments border on the frivolous. Bove plainly was acting in a prosecutorial capacity during the proceeding concerning Serby’s dog, Wingo. And he was providing his services pursuant to a contract between the Town and the Village. See, e.g., Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp., 41 N.Y.2d 397, 393 N.Y.S.2d 350, 361 N.E.2d 999, 1001 (1977) (concluding that the parties’ course of conduct may evince the existence of a binding contract); cf. New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 113 (2d Cir.2006) (“Although the last written contract between the parties was in 1985, and the 1985 Agreement was silent as to the ownership of the ambulances, the court was amply justified in relying on the parties’ course of conduct over the years in order to determine their intent as to who would own the ambulances and other vehicles.”).
Serby’s arguments with respect to Denise Willix, Jack Olson, Bart Cominsky, and Gary Shaw similarly are to no avail. As *459 the district court correctly explained, Willix had probable cause to initiate a dangerous dog proceeding, pursuant to N.Y. Agrie. & Mkts. Law § 121, because New York courts have determined that the term “attack,” as used in the statute, “was intended to mean such overt actions by a dog as might cause a reasonable apprehension of harm or injury to a person, together with apparent ability in the dog to inflict such harm.” People ex rel. LaBorie v. Habes, 52 Misc.2d 768, 277 N.Y.S.2d 70, 72 (NY.Just.Ct.1967); see also Univ. Towers Assocs. v. Gibson, 18 Misc.3d 349, 846 N.Y.S.2d 872, 875 (N.Y.City Civ.Ct.2007) (same) (citing LaBorie); Brooks v. Hemingway, 107 Misc.2d 190, 433 N.Y.S.2d 551, 553 (NY.Dist.Ct.1980). Further, Olson and Cominsky are entitled to qualified immunity because Serby failed to establish that they had violated any constitutional right or other federal law. And finally, Gary Shaw is entitled to qualified immunity because, at the very least, reasonable people could disagree as to whether Shaw was entitled to enter Serby’s house, assuming arguendo that he did so, to carry out the court order to seize Wingo. Indeed, Serby concedes that the court order was “akin to the issuance of a warrant.” Appellant’s Br. at 38.
Finally, the district court properly granted summary judgment in favor of the Town. As an initial matter, Serby’s argument that the Town is liable, pursuant to § 1983, because it has “a policy of seizing dogs under the Dangerous Dog Statute,” id. at 33, is without merit. Furthermore, even assuming arguendo that both Serby and Wingo had a protected liberty interest, Serby overlooks the fact that Wingo was never seized and, thus, there has been no deprivation of any such liberty interest.
C. Decision to Vacate Default Judgment
Serby argues that this Court should reverse the district court’s order to vacate the default judgment against Denise Ayre. We review the district court’s decision for abuse of discretion. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.2006). We find no error in the district court’s decision. Under New York law, civil proceedings do not give rise to a cause of action for malicious prosecution unless a plaintiff can show “special injury.” See Engel v. CBS, Inc., 93 N.Y.2d 195, 201, 689 N.Y.S.2d 411, 711 N.E.2d 626 (1999). “[W]hat is ‘special’ about special injury is that the defendant must abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit.” Id. at 205, 689 N.Y.S.2d 411, 711 N.E.2d 626. Serby has not plausibly alleged that he suffered any such injury.
D. Constitutionality of New York’s “Dangerous Dog” Statute
As he did before the district court, Serby urges this Court to declare New York Agricultural and Markets Law § 121 unconstitutional and to enjoin its future enforcement. We believe that such declaratory relief would be inappropriate, however, because Serby’s brief makes no allegation that any defendant will attempt to enforce the challenged law to his detriment in the future. Without an allegation of future harm, any claims for prospective relief are not ripe for review. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
We have considered all of Serby’s arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. Serby appeals the district court’s decision only insofar as it dismissed his claims brought pursuant to 42 U.S.C. § 1983. Serby's lone assertion that the district court "should not have dismissed any causes of action in the case at bar as against the County Defendants,” Appellant's Br. at 25, is not sufficient to challenge the district court's dismissal of his state law claims as against those defendants. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs- are considered waived and normally will not be addressed on appeal.”).