360 E. 72nd St. Owners Inc. v Wolkoff (2025 NY Slip Op 00284)

360 E. 72nd St. Owners Inc. v Wolkoff

2025 NY Slip Op 00284

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 655998/21 Appeal No. 3533-3534-3535 Case No. 2024-02830, 2024-02836, 2024-02838 

[*1]360 East 72nd Street Owners Inc., Plaintiff-Appellant,
v
Sabrina Wolkoff, Defendant-Respondent.

Dorf Nelson & Zauderer LLP, New York (Mark C. Zauderer of counsel), for appellant.
Karen Copeland, New York, for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 28, 2023, which found that plaintiff cooperative waived the house rule prohibiting pit bulls in the building under Administrative Code of City of NY § 27-2009.1 and held the motion and cross-motion for summary judgment in abeyance pending a hearing to determine whether the nuisance exception under Administrative Code § 27-2009.1(d) applied, and order, same court and Justice, entered April 8, 2024, which, after a hearing, granted defendant's motion for summary judgment dismissing the amended complaint and denied the cooperative's cross-motion for summary judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 18, 2024, which denied defendant's motion to dismiss as moot, unanimously dismissed, without costs, as taken by a nonaggrieved party.
Supreme Court properly determined that the cooperative failed to commence this action against defendant to enforce its house rule banning pit bulls within the three-month period of discovering that the dog was a pit bull, resulting in a waiver of the provision under Administrative Code § 27-2009.1(b), known as the "pet law." The court properly rejected the cooperative's reliance on its building's "pet friendly" policy, which only bans the "most aggressive" dog breeds, the business judgment rule, and the proprietary lease's "no waiver" clause to overcome the pet law. This Court has long held that the pet law applies to all leases, including cooperative apartment proprietary leases, even where, as here, the cooperative's proprietary lease contains a "no waiver" clause (see Seward Park Hous. Corp. v Cohen , 287 AD2d 157, 162 [1st Dept 2001]). In order to enforce the house rule beyond the three-month period, the cooperative was required to show that the pet law's exception under Administrative Code § 27-2009.1(d) applied by establishing "the harboring of a household pet causes damage to the subject premise, creates a nuisance or interferes substantially with the health, safety or welfare of other tenants or occupants of the same or adjacent building or structure" (see 980 Fifth Ave. Corp. v Smith , 295 AD2d 133, 133 [1st Dept 2002]).
Supreme Court properly found, after a hearing, that the cooperative failed to establish that defendant's dog's conduct created a nuisance or interfered substantially with the health, safety, or welfare of other tenants or occupants for the pet law's nuisance exception to apply. Several witnesses for the cooperative testified that the dog had never behaved objectionably or dangerously. During a tenant's testimony relating to an incident in which defendant purportedly blocked his way into the building by standing in front of the entrance with the dog, the tenant acknowledged that it was defendant who acted aggressively rather than the dog, which was supported by the cooperative's security footage. The process server's testimony that the dog came toward him while [*2]serving papers on defendant was contradicted by defendant and the cooperative's handyman's testimony. Even crediting that single, disputed instance in which the process server maintained that he fled to a stairwell out of fear of the dog, the process server acknowledged that the dog had not made contact with him. Taken together, this evidence failed to establish that the dog's conduct "interferes substantially with the health, safety or welfare" of any person for the pet law's exception to apply. Supreme Court also properly rejected the cooperative's insistence that the dog's breed was relevant to whether this particular dog was a nuisance (see Carter v Metro N. Assoc. , 255 AD2d 251, 251-252 [1st Dept 1998]).
We have considered the cooperative's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025