PP 535 Carlton TC LLC v Cosme (2025 NY Slip Op 50581(U))

[*1]

PP 535 Carlton TC LLC v Cosme

2025 NY Slip Op 50581(U)

Decided on April 18, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 18, 2025
Supreme Court, Kings County

PP 535 Carlton TC LLC, Plaintiff,

against
Joane Cosme and JORGE PEREZ, Defendants.

Index No. 533271/2024

Rose & Rose, New York City (Dean Dreiblatt of counsel), for Plaintiff.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff
NYSCEF Doc No. 5: Affirmation of Dean Dreiblatt
NYSCEF Doc No. 6: Affirmation of Daisy Correa
NYSCEF Doc No. 7: Summons and Complaint
NYSCEF Doc No. 8: Exhibit B - Lease
NYSCEF Doc No. 9: Exhibit C - Notice to Cure
NYSCEF Doc No. 10: Exhibit D - Dog Park Incident
NYSCEF Doc No. 11: Exhibit E - Notice to Remove Dogs
NYSCEF Doc No. 12: Exhibit F - Notice to Defendants
NYSCEF Doc No. 13: Request for Judicial Intervention
NYSCEF Doc No. 15: Affidavits of Service
Filed by Court
NYSCEF Doc No. 14: Order to Show Cause - Signed
I. Question Presented
Should Plaintiff, owner and landlord of the building at 535 Carlton Avenue, Brooklyn, New York, be granted a preliminary injunction against Defendants, whose dogs allegedly create an unsafe environment for other tenants and residents and building staff?
II. Background
Movant Plaintiff brings forth this motion seeking that an injunction be granted. The injunction is sought in order to restrain Defendants from harboring, keeping, or maintaining their three pit bull dogs at 535 Carlton Avenue, Brooklyn, New York, and from assaulting, harassing, intimidating, or threatening any workers, tenants, or occupants of the building. Defendants are Joane Cosme, a tenant in the building, and Jorge Perez, an occupant, who reside in an apartment on the fourth floor.
Plaintiff, the management of 535 Carlton Avenue, seeks the injunction against Defendants, due to the alleged nuisance they are causing in the apartment building. Defendants are the owners of a large pit bull by the name of "Miricle," which over the span of multiple months has been acting aggressively toward other tenants of the building. Defendants refuse to do anything about their dog's behavior and are going as far as verbally abusing tenants whom their dog targeted. Despite barking aggressively and lunging at other tenants, the Defendants' dog was also not muzzled. (See NYSCEF Doc No. 6).
In June 2024, Plaintiff had served Defendant Joane Cosme with a Notice to Cure pursuant to the lease, affording them at least ten days from service of the notice to remove their pit bull dog from the premises of 535 Carlton Avenue. Defendant violated the Pet Rider annex of their lease which states that their pet should "not be a nuisance or cause a disturbance to the Owner" (NYSCEF Doc No. 8; see NYSCEF Doc No. 9). Defendant refused to cure, which led to Plaintiff serving her with a Notice of Termination and commencing a summary holdover proceeding, which is still ongoing.
Defendants have ignored the warnings of Plaintiff. Defendants allegedly acquired two more large pit bulls over the last few months prior to the making of the motion, using this group of dogs to threaten everyone else in the building. There has also been an incident of the original dog, "Miricle," biting the neck of another dog at the dog park adjacent to the building, on July 26, 2024. Residents have reported to the Plaintiff claiming they feel unsafe and that the dogs cause a nuisance for the rest of the building.
Specific incidents have been cited by Plaintiff, including the following [FN1]
:
April 30, 2024, at 8:30 a.m.: Miricle exited the elevator and viciously barked and aggressively approached another tenant's dog.
May 7, 2024, at 10:55 a.m.: Miricle lunged, snapped, snarled, and tried to attack another tenant's dog.
May 15, 2024, at 7:15 p.m.: Miricle behaved aggressively toward other dogs and residents in the lobby.
May 19, 2024: Miricle was observed "absolutely losing his mind barking and snapping" at another neighbor's dog as they came off the elevator, and something similar was observed a week later when young children were present.
May 20, 2024 at 11:50 p.m.: Miricle attempted to attack a puppy coming out of the elevator with another resident.
June 8, 2024 at 11:50 a.m.: Miricle entered a crowded elevator and lunged aggressively at another tenant and, when this was reported, Defendant Cosme yelled, "Stop being gay," at the tenant.
September 30, 2024: Defendants walked two large pit bulls in the dog park and threatened other tenants that their dogs would mince their dogs to meat.
October 1, 2024: Defendants threatened women that they would "beat the s__t out of you." Defendants used racial and gender slurs while menacing with the dogs.
October 3, 2024 at 12:57 p.m.: Defendants were walking with two pit bulls, one of whom lunged at a building staff person.
December 1, 2024: Defendant Cosme was reported to have taken her dog from her apartment and exit the floor through Staircase B at approximately 9:10 p.m. The same tenant exited the floor using Staircase B and found a trail of fresh dog feces going from the fourth floor hallway just outside of the Staircase B door down into the staircase with a large deposit of fresh dog feces on the landing for the third floor. There was a large puddle of fresh dog urine between the second and first floors. (See NYSCEF Doc No. 6.)
III. Discussion
"[I]f plaintiff . . . were to claim successfully that the dog residing in defendant's apartment constituted a nuisance, plaintiff would be required to plead and prove that the dog's conduct in some way substantially and unreasonably interfered with the property rights of . . . fellow tenant[s] . . . (see, Lewis v Stiles, 158 AD2d 589, 590, citing Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 571)" (980 Fifth Ave. Corp. v Smith, 295 AD2d 133, 133 [1st Dept 2002]).
Ongoing behavior by a tenant and her dog which harasses, annoys, threatens, and intimidates neighbors and building employees, including the dog jumping at people like it would bite them, places an intolerable burden and justifies awarding the landlord a possessory judgment (see 405 E. 56th St., LLC v Morano, 19 Misc 3d 62 [App Term, 1st Dept 2008]).
A cause of action might lie against a landlord who permits a tenant who owns a dog with vicious propensities to reside in the building when the dog causes injuries to someone (see Strunk v Zoltanski, 96 AD2d 1074 [2d Dept 1983]).
Injunctive relief should be granted where the movant demonstrates (a) a likelihood of success on the merits; (b) irreparable injury, and (c) a balancing of equities in the movant's favor (see Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]). Here the movant has amply demonstrated these factors, and a preliminary injunction should be granted.
Here the Plaintiff has a likelihood of success on the merits with respect to the nuisance conduct of the Defendants. By harboring three dogs who have clearly demonstrated repeated aggressive, threatening behavior, there is as a nuisance to the residents and management of 535 Carlton Avenue. Additionally, Defendants' refusal to do anything about their dog's behavior can also be viewed as a nuisance as well.
Despite being warned by Plaintiff, Defendants have taken no sort of steps to control their dogs. As the management of 535 Carlton Avenue, Plaintiff has an obligation to create a safe space for their tenants, which includes taking measures to avoid tenants from being harassed by these three dogs and by their owners, the Defendants, who encourage this dangerous behavior from their dogs. A balancing of equities lies in Plaintiff's favor.
Defendants have not rebutted Plaintiff's prima facie showing of entitlement to a preliminary injunction.
IV. Conclusion
Plaintiff has clearly pointed out that the Defendants' dogs are not only a nuisance to the residents of the building but also pose a safety threat, as residents legitimately feel unsafe whenever Defendants are in their presence with the dogs. Defendants are also violating their lease agreement even after Plaintiff had afforded Defendants time to cure by relocating the dogs. Since the dogs continue to threaten the residents and management of 535 Carlton Avenue, Plaintiff is entitled to preliminary injunctive relief.
Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED TO THE FOLLOWING EXTENT:
(a) Defendants Joane Cosme and Jorge Perez are preliminarily enjoined to immediately and forthwith remove all pit bull dogs in their possession and under their control from the entirety of the building known as 535 Carlton Avenue, Brooklyn, New York;
(b) Defendants Joane Cosme and Jorge Perez are preliminarily enjoined from harboring any dog or animal in the building known as 535 Carlton Avenue, Brooklyn, New York, without the prior written consent of Plaintiff; and
(c) Defendants Joane Cosme and Jorge Perez are preliminarily enjoined from engaging in any Objectionable Conduct (defined as any conduct which interferes with the right of others to peacefully enjoy their apartments or presence in the common areas or from causing conditions that are dangerous, hazardous, unsanitary, and detrimental to other building tenants and residents, building staff and management, and the general public) on or about the building known as 535 Carlton Avenue, Brooklyn, New York.

Footnotes

Footnote 1:Daisy Correa, Property Manager employed by Plaintiff for the management of the building, noted 22 complaints in her affirmation. These are just some of them. She herself had witnessed constant, unnerving, and annoying barking. (See NYSCEF Doc No. 6.)